## Warburton et al., Appellants, *v.* Fidelity-Philadelphia Trust Co. et al.

Argued January 22, 1935.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey and Drew, JJ.

*Marshall A. Coyne,* with him *David J. Smyth,* for appellants.

*Maurice Bower Saul,* with him *Earl G. Harrison,* of *Saul, Ewing, Remick & Saul,* for John Wanamaker Philadelphia.

*Henry S. Drinker, Jr.,* of *Drinker, Biddle & Reath,* for Fidelity-Philadelphia Trust Company.

Per Curiam, March 25, 1935:
Plaintiffs filed their bill in equity against the Fidelity-Philadelphia Trust Company and John Wanamaker Philadelphia (both corporations of the State of Pennsylvania), the principal object being to recover the value of 10,000 shares of preferred stock of the latter corpora-

tion, together with interest thereon from June 12, 1933. After consideration of the preliminary objections filed on behalf of defendants, the court below dismissed the bill on the ground it was multifarious and that plaintiffs had an adequate remedy at law. This appeal followed.

The bill alleges that plaintiffs are the beneficiaries of a trust created in 1920 by John Wanamaker, President of John Wanamaker Philadelphia, by deposit with the Fidelity Trust Company (now Fidelity-Philadelphia Trust Company) of 10,000 shares of preferred stock authorized at a special stockholders' meeting held December 14, 1920; that the certificate of preferred stock provided, inter alia, that interest should be paid thereon beginning one year after the death of John Wanamaker (which event occurred December 12, 1922) and that "on one year's written notice, after date of the first dividend, the corporation shall purchase, at one hundred and ten ($110) dollars a share, all or such part of said preferred stock, not less than fifty thousand ($50,000) dollars per annum, as it shall elect, and shall continue such purchase at the end of each fiscal year . . . until the entire issue of ten thousand (10,000) shares shall have been bought." It is further averred in the bill that interest payments were begun on June 12, 1924, and continued semiannually thereafter until, by vote of the board of directors of John Wanamaker Philadelphia, on May 9, 1922, the interest for six months due June 12, 1933, was defaulted; that except for 500 shares purchased on June 16, 1933, none of the stock was retired in accordance with the provisions of the certificate and no notice was given or demand made upon John Wanamaker Philadelphia by the trustee for retirement of the preferred stock here in controversy. The bill prays that John Wanamaker Philadelphia be ordered and directed to retire for cash not less than $450,000 par value of its preferred stock at $110 per share, with credit for the 500 shares purchased in 1933; that the corporation be ordered to pay semiannual interest on the 10,000 shares due June 12, 1933, and that it be

ordered to produce its books and records and make full disclosure of its financial condition; that the trustee be compelled to file an account of its trust; that it be required to retire by purchase not less than $400,000 par value of the preferred stock or to that extent substitute legal investments of approved character; that the trustee be required to pay the semiannual interest due June 12, 1933, and, lastly, that the Fidelity-Philadelphia Trust Company be removed and a new trustee be appointed with the approval of the court.

The foregoing recital of the averments of the bill is sufficient to show that the court below correctly sustained defendant's contention that the bill is multifarious. There is a clear violation of Equity Rule 36 prohibiting the joinder of two defendants upon a claim of liability which cannot be asserted against them jointly. The substance of the complaint is the failure of the trustee to make demand upon the Wanamaker corporation for retirement of the preferred stock in accordance with the provisions of the certificate. This fact, if true, is no ground for entering a decree against the corporation requiring the expenditure of nearly a half million dollars. As pointed out by the court below, there is nothing in the bill which indicates that John Wanamaker Philadelphia, "either through fraud or collusion was in any manner responsible for the failure of the trustee to make demand for the purchase or retirement of $50,000 of this preferred stock from year to year in accordance with the terms and conditions of the Wanamaker trust." If plaintiffs, beneficiaries of the trust, have a valid ground for bringing suit, their claim lies against the trustee alone. The joinder of both defendants is fatal to this proceeding.

No application was made to the court below for leave to amend and, at the time of argument in this court, counsel for appellants stated he was content to stand upon the bill as presented. The bill will accordingly be dismissed. See Schuster v. Largemen, 308 Pa. 520.

Decree affirmed at appellants' costs.