**Campbell Trust**

*John H. Morgan*, for accountant.
*John F. Ploeger*, for exceptant.

BOYLE, *J.*, August 29, 1975—The exceptions filed to the trustee's account present the question whether the trustee is subject to a surcharge for part of its compensation and for the $10,866 decline in the value of the trust assets between September 12, 1973, on which date the beneficiary became 18 years of age, and June 27, 1974, when the trust assets were sold for purposes of distribution on receipt and release, when the trustee was advised by competent counsel in May 1974 that distribution could not be made lawfully to the beneficiary under a 1965 trust instrument until she attained 21 years of age on September 12, 1976, unless the trustee was indemnified against improper distribution in the instrument of receipt and release and indemnification signed by the beneficiary after she attained the age of 18 years and was no longer a minor under the law of her domicile, Massachusetts, and under the provisions of section 102 of the Probate, Estates and Fiduciaries Code of June 30, 1972,

P.L. 508 (No. 164), as amended, 20 Pa. C.S. §102, as amended, which section 102 became effective on February 6, 1973.

## THE FACTS

The record and stipulation present a complicated set of facts. Those which are admitted and essential to a determination of the question involved are the following

1. Raymond N. Campbell executed an insurance trust agreement with Mellon National Bank and Trust Company as trustee under date of November 24, 1965. The said insurance trust agreement was duly filed in the office of the Clerk of the Orphans' Court Division of the Court of Common Pleas of Allegheny County, Pa., on February 10, 1975, and recorded in Trust Inter Vivos Docket No. 16, page 659. Mellon Bank N.A. is successor by merger to Mellon National Bank and Trust Company, trustee of the foregoing insurance trust agreement.

2. The insured provided, under the provisions of his insurance trust agreement, inter alia, as follows:

"Article Three

"Upon the death of the insured, the trustee shall collect the proceeds of insurance payable hereunder and any other property payable to it under the insured's will or otherwise and shall distribute the same as follows, subject to the provisions of Article Four (A) hereof:

"(C) One-fourth (¼) . . . per capita, to the insured's grandchildren living at his death, . . .

"Article Four

"(A) If, under the provisions of Article Three hereof, principal is directed to be transferred and delivered to any beneficiary who at that time is still

a minor, such beneficiary's share shall not be distributed to him but shall be retained by the trustee in a seperate trust until the beneficiary attains majority, at which time the principal shall be paid to him free of trust. . . .

"Article Six

"(B) This agreement has been delivered to and accepted by the trustee in the Commonwealth of Pennsylvania and shall be governed in all respects by the laws of said Commonwealth."

3. The insured died on December 29, 1965.

4. The insured was survived by six grandchildren, one of whom is Patricia Mary Campbell, who was born September 12, 1955. This grandchild attained the age of 18 years on September 12, 1973, and will become 21 years of age on September 12, 1976.

5. Section 102 of the Probate, Estates and Fiduciaries Code, supra, was amended effective February 6, 1973, to change the definition of a minor to mean "an individual under the age of 18 years."

6. Mellon Bank N.A., which was advised by counsel on several occasions, and particularly on May 8, 1974, that it would not be protected by any existing court decisions if it made distribution under the Campbell trusts prior to the beneficiary's attaining the age of 21 years. The opinion of counsel rests on the intention of the settlor expressed in his language in the trust instrument.

7. On October 8, 1973, Mellon Bank N.A. sold 440 units out of a total of 4,110 units of Mellon Bank's Collective Fund E. The said 440 units were sold at a price of $12.7509 per share, for an aggregate sum of $5,610. These proceeds were paid to Raymond W. Campbell, father of Patricia Mary Campbell, for the purpose of enabling him to pay

her tuition at Washington University, St. Louis, Mo.

8. Patricia Mary Campbell, at the times involved in this case, was domiciled in the Commonwealth of Massachusetts. On January 1, 1974, the statutes of Massachusetts were amended with respect to minors by changing the provisions with respect to the powers of guardians and conservators by changing the provisions with respect to capacity and liability of 18-year-old persons in regard to contractual matters. The law of Massachusetts now provides that "Any person who has attained the age of eighteen shall have full legal capacity to act in his own behalf in the matter of contracts and shall be liable to any civil action for breach thereof."

9. On or about March 29, 1974, Robert W. Campbell, father of Patricia Mary Campbell, contacted Mellon Bank N.A. to inquire about the termination and distribution of the trust for his daughter, Patricia Mary Campbell.

10. Mellon Bank N.A. was advised by its counsel that the trust for Patricia Mary Campbell could not be terminated and final distribution made to her until she attained the age of 21 years unless a proper receipt and release and indemnification agreement in favor of the bank was signed by her.

11. By letter dated June 13, 1974, the trustee advised Patricia Mary Campbell that, upon the advice of its counsel and with the approval of its trust administrative committee, the trust would be terminated and distribution would be made to her.

12. On June 27, 1974, the trust of Patricia Mary Campbell owned 3,570 units of Mellon Bank's Collective Fund E, having then a value of $9.7071 per share or an aggregate value of $34,654.00. The shares were sold on that day.

13. By letter dated July 11, 1974, Mellon Bank

N.A. forwarded to Patricia Mary Campbell its trust department voucher payable to her order in the amount of $36,118.25, representing the balance of her trust account, together with a receipt and release and indemnification agreement to be signed and returned by her.

14. Patricia Mary Campbell received and cashed the aforesaid trust department voucher but has not signed and returned the receipt and release and indemnification agreement.

15. Mellon Bank N.A. filed its first and final account on March 27, 1975. Objections to that account were filed by Patricia Mary Campbell. These objections raise the question stated at the head of this opinion.

## DISCUSSION

Neither bad faith, imprudence nor any other failure of fiduciary obligation is charged against the trustee in this case. Under the trust agreement executed by Ronald N. Campbell on November 24, 1965, the trustee had no duty to terminate the trust for Patricia Mary Campbell until she became 21 years of age on September 12, 1976. The trustee was advised specifically on this point by competent counsel. It may not be surcharged for accepting and acting upon sound legal advice. See Kohler Estate, 348 Pa. 55, 33 A. 2d 920 (1943); Wanamaker's Trust Estate 340 Pa. 419, 17 A. 2d 380 (1941); Luria Trust, 19 Fiduc. Rep. 90 (1968). A termination prior to September 12, 1976, was properly and lawfully arranged among the parties under an agreement of release and receipt and indemnification made possible by the legislation in Pennsylvania in 1973 and in Massachusetts in 1974 which conferred contractual capacity upon persons over 18 years of age.

The exceptions filed to the trustee's account by Patricia Mary Campbell will be dismissed.

A decree will be entered in accordance with this opinion.